ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

ZBIGNIEW BASKA,

                              Plaintiff,

            -against-

AVALANCHE RENOVATION CORP., KRZYSZTOF
WOJTOWICZ, and BEATA WOJTOWICZ,

                             Defendants.

--------------------------------------------------------------------X

**Doc. No.:**

**JURY TRIAL
DEMANDED**

## COMPLAINT

1. Plaintiff Zbigniew Baska ("Plaintiff"), by his attorneys, Robert Wisniewski P.C., as and for his Complaint against Defendants Avalanche Renovation Corp. ("Corporate Defendant"), Krzysztof Wojtowicz ("Krzysztof"), and Beata Wojtowicz ("Beata") (collectively, the "Individual Defendants" ) (Corporate Defendant and Individual Defendants are hereinafter collectively referred to as "Defendants"), state as follows:

## NATURE OF THE ACTION

2. Plaintiff brings this action to recover unpaid promised wages, unpaid overtime wages, liquidated damages, costs, and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 500 et seq., as

well as New York Labor Law Articles 6 and 19 ("NYLL"), the New York State common law and various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-146.

3.      Plaintiff also brings this action for Defendants' failure to comply with the NYLL §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide at the time of hire, and on an annual basis, wage notices during the period of employment of an employee which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiff seeks statutory weekly damages of $50.00 as the case may be up to a maximum of $5,000.00, as the case may be per employee, as well as other damages and attorney fees and costs and disbursements.

4.      The Individual Defendants were, at all times relevant herein, officers, shareholders, managers and/or majority owners of the Corporate Defendant, which provide services in the area of construction within the State of New York.

5.      Plaintiff was employed by Defendants as a mason from May 2015 until November 2015.

6.      Plaintiff worked over 40 hours per week, but was not compensated properly for the hours he worked at the promise wage, and was not paid any premium rate for his work in excess of forty hours per week.

## PARTIES, JURISDICTION AND VENUE

7.      Plaintiff Baska, at all relevant times herein, was and is a resident of State of New York, Richmond County.

8.      Defendant Avalanche at all relevant times herein, was and is a domestic business corporation

duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 113 Division Pl., Brooklyn, New York, 11222.

9.   The Individual Defendants were, at all times relevant herein, officers, directors, managers and/or majority shareholders of Corporate Defendant and as some of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law **(Exhibit 1).**

10.   Upon information and belief, Defendant Krzysztof at all relevant times herein, was and is a resident of the State of New York, Queens County.

11.   Upon information and belief, Defendant Beata at all relevant times herein, was and is a resident of the State of New York, Queens County.

12.   This Court has personal jurisdiction over the Defendants in that they are residents of the State of New York.

13.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

14.   Defendants are engaged in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

15.     This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C.

        §1391(b) because substantial events giving rise to Plaintiff's claims occurred in this district.

### JURY DEMAND

16.     Plaintiff demands a trial by jury of all issues so triable in this action.

### FACTUAL BACKGROUND

***Facts Relating to Plaintiff's Employment and Defendants' Overtime Violations***

17.     Corporate Defendant is in the construction business and primarily performs work in the State

        of New York.

18.     In or about May 6, 2015, Plaintiff entered into an oral contract with Defendants whereby

        Plaintiff would perform duties as a mason for Defendants in exchange for a specific hourly

        wage of $17 an hour.

19.     Defendants promised to increase Plaintiff's hourly wage to $19 per hour after one week.

20.     Despite Plaintiff's agreed upon hourly wage being $19 per hour after the first week, Plaintiff

        was paid $17 per hour during his entire employment with Defendants.

21.      From May 6, 2015 until the end of July 2015, Defendants paid Plaintiff his weekly salary in

        cash and refused to give him pay stubs.

22.     From the end of July 2015 until his termination, Defendants paid Plaintiff his weekly salary

        by check but refused to give him pay stubs.

23.     Plaintiff's schedule as a mason varied, depending on the season and the work orders

        provided for that day.

24.     Plaintiff worked Monday through Friday, at least 8 hours a day, or until the job was

        complete.

25.  Plaintiff worked for approximately 8 hours on at least one Saturday every month.

26.  In total, Plaintiff regularly worked approximately 48 to 64 hours per week, but was not paid at the proper overtime rate of 150% of his regular rate for hours over 40, as required under Federal and New York State law.

27.  Plaintiff frequently complained to representatives of the Corporate Defendant, including the Individual Defendants, that he was being underpaid, and was not being paid at the proper premium rate for all hours worked in excess of 40 per week.

28.  Following his complaints, Plaintiff was berated and verbally abused by Defendant Krzysztof, who would often say "What are you asking me? Are you fucking retarded?"

29.  Plaintiff satisfactorily supplied labor in connection with, and in furtherance of, the work required by Corporate Defendant and in doing so, complied with the terms of his employment agreement with Corporate Defendant.

***Retaliation Against Plaintiff***

30.  In or about November 2015, Defendants asked Plaintiff to come into work thirty minutes earlier than his normal starting time.

31.  Defendants instituted a policy not to pay employees for work performed during this time, which consisted of unloading materials and other preparational work.

32.  Plaintiff refused to come into work thirty minutes early and reminded Defendants that other employees who started work at 7:30 a.m. were never paid for preparatory work they performed.

33.  In retaliation, Defendants told Plaintiff there was no work for him, despite Defendants having multiple other employees working.

34.    This act of retaliation in response to Plaintiff's complaint of Defendants' illegal conduct was done willfully and maliciously, and with the knowledge and intent that such act of retaliation would harm Plaintiff.

35.    After Plaintiff's termination, Plaintiff was hired as a carpenter with a construction company.

36.    Plaintiff was employed with this company for approximately five days when his supervisor asked him "Do you like to complain about unpaid overtime wages? Do you know Krzysztof?"

37.    Plaintiff was fired on the spot.

38.    Upon information and belief, Plaintiff was terminated from the construction company due to Krzysztof's interference.

***Defendants' Failure to Pay Proper Wages was Willful***

39.    Defendants were aware of the requirement to pay Plaintiff at a higher overtime premium of 150% of his regular rate for each hour worked in excess of 40 hours per week.

40.    Upon information and belief, Defendants willfully disregarded and purposefully evaded record keeping requirements of the NYLL and the FLSA by failing to maintain proper and complete payroll records.

41.    Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as shareholders, directors, officers and/or managers of Corporate Defendants have assumed personal liability for the claims of the Plaintiff herein.

***Facts Regarding Individual Defendants' Status as Joint Employers***

42.    The Defendants had control over the conditions of Plaintiff's employment, his work

schedule, the rates and methods of payment of his wages and the maintenance of his

employment records.

43.     At all times relevant herein, Defendants managed, handled, or were responsible for, the

payroll and/or payroll calculations and signing and or issuing of checks to Plaintiff, or by

virtue of his position with Corporate Defendant was responsible for the proper management

and handling of the payroll and payroll calculations of Corporate Defendant.

44.     The Individual Defendants are, at all times relevant herein the only officers, directors,

managers and/or majority shareholders of Corporate Defendant.

45.     At all relevant times, the Individual Defendants had operational control over Corporate

Defendant and over the conditions of Plaintiff's employment.

46.     As a matter of economic reality, Individual Defendants and Corporate Defendant are joint

employers of Plaintiff and, as a result, the Individual Defendants and Corporate Defendant,

individually and collectively, and jointly and severally, are liable for all claims made herein.

***Corporate Defendant is the Alter Ego of Individual Defendants***

47.     Upon information and belief, in conducting the affairs of Corporate Defendant, Individual

Defendants failed to comply with the required corporate formalities, including record-

keeping, governance requirements, and other formalities.

48.     Upon information and belief, Individual Defendants used the assets of Corporate Defendant

as their own, and otherwise commingled personal assets with the assets of Corporate

Defendant.

49.     As alleged herein, Individual Defendants used Corporate Defendant in order to circumvent a

statute or statutes, or accomplish other wrongful acts or in furtherance of other wrongful or

inequitable purposes.

50.    Corporate Defendant is the alter-ego of Individual Defendants; and, as will be established at

trial, for the purpose of the claims made by Plaintiff herein, Corporate Defendant has no

separate legal existence from Individual Defendants.  As such, Corporate Defendant and

Individual Defendants, individually and collectively, and jointly and severally, are liable for

all claims made herein.

*Facts Relating to Defendants' Violations of NYLL § 195.1*

51.    In accordance with the NYLL §195.1, which is operative as of January,  2011, at the time of

hire, and on an annual basis, Defendants had to present for signature to each employee a

wage notice, which had to contain the following wage rate information:  (i) the basis of the

employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or

otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations;

(iii) whether the employer will claim allowances such as tips, meals, and/or lodging

against the minimum wage; (iv) the employer's name and any "doing business as"

names;  (v)  the employer's address and mailing address, if different; and (vi) the employer's

telephone number (the "Wage Notice").

52.    Plaintiff never received and never signed the Wage Notice and never received any other

documents which might show the information required by NYLL §195.1.

53.    Defendants were aware or should have been aware that this practice violated NYLL.

54.    Upon information and belief, Defendants continue to violate  NYLL §195.1 to date.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against All Defendants)

55.    Plaintiff repeats and realleges each and every allegation as previously set forth.

-8-

56.     Plaintiff agreed to perform work and services for the Defendants as a mason.

57.     Plaintiff satisfactorily supplied labor in connection with, and in furtherance of, the work required under his employment contract with Defendants and in doing so, complied with the terms of his employment agreement with the Defendants and was therefore entitled to wages he rightfully earned while working for Defendants.

58.     Defendants failed or refused to pay Plaintiff the wages to which he was entitled under the employment agreement with Defendants.

59.     Defendants' failure or refusal to pay the wages to which Plaintiff was entitled under the employment agreement with Defendants constituted a breach of Plaintiff's employment agreement with Defendants.

60.     That by virtue of the foregoing breach of contract by the Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by the employment agreement with Defendants, less amounts actually paid to the Plaintiff together, with an award of interest, costs, disbursements, and attorneys' fees.

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**(NYLL against All Defendants)**</u>

61.     Plaintiff repeats and realleges each and every allegation previously made herein.

62.     Pursuant to NYLL Articles 6 and 19, Labor Law § 198 and the wage orders issued under the NYLL at 12 N.Y.C.R.R. §§ 137-146, Plaintiff was entitled to certain overtime wages, which the Defendants intentionally failed to pay in violation of such laws.

63.     Wherefore Plaintiff seeks a judgment against Defendants for all overtime wages which should have been paid, but was not paid, pursuant to the NYLL and the Wage Orders issued

thereunder and the other provisions of the Labor Law; the total amount of such unpaid overtime wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of attorneys' fees, interest and costs as provided under the NYLL § 198 and § 663.

**THIRD CLAIM FOR RELIEF**
**(FLSA against All Defendants)**

64.     Plaintiff repeats and realleges each and every allegation previously made herein.

65.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 500 et seq., Plaintiff was entitled to overtime hourly wages of time and one-half his regular hourly wage for all hours worked in excess of 40 hours per week.

66.     Plaintiff worked for more than 40 hours per week for Defendants, and Defendants willfully failed to make said overtime payments.

67.     Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff, along with an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

**FOURTH CLAIM FOR RELIEF**
**(Unpaid Promised Wages Pursuant to NYLL against Defendants**

68.     Plaintiff repeats and realleges each and every allegation previously made herein.

69.     Plaintiff's promised wages constitute "wages" within the meaning of NYLL §190 (1).

70.     Defendants, in withholding promised wages without cause have violated the NYLL.

71.     As a consequence, Plaintiff is entitled to all promised wages for all hours worked.

**FIFTH CLAIM FOR RELIEF**

-10-

**(Quantum Meruit against All Defendants)**

72.     Plaintiff repeats and realleges each and every allegation previously made herein.

73.     Plaintiff performed work and services for Defendants.

74.     Plaintiff worked over 40 hours each week for the Defendants.

75.     Plaintiff had a reasonable expectation of payment for the hours he worked for Defendants, but Defendants failed to remunerate Plaintiff for all the hours he worked in excess of 40 hours per week at the proper overtime rate of 150% of his regular rate or at the proper prevailing wage for the work performed for Defendants.

76.     Plaintiff was entitled to payment for the unpaid hours he worked for Defendants at a rate which constituted the reasonable value of his services, which is the proper rate required to be paid to Plaintiff under various laws and Defendants' contractual obligation, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(Violation of NYL1 §195.1 against all Defendants)**

77.     Plaintiff repeats and reallaeges each and every allegation previously set forth.

78.     NYLL §195.1 mandates as of January 2011 that each employee employed by Defendants on an annual basis receive for signature a Wage Notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different;

and (vi) the employer's telephone number.

79.   Plaintiff did not receive the Wage Notice as required by the NYLL §195.1, and did not receive

any other documents which might show the information required by NYLL §195.1.

80.   Upon information and belief, Defendants' violations are continuing through the present.

81.   As a result of Defendants' violation of NYLL §195.1, Plaintiff is entitled to statutory damages

of $50 per week up to $5,000.00 as provided for by NYLL §195.1.

## SEVENTH CLAIM FOR RELIEF
### (FLSA Retaliation against All Defendants)

82.   Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

83.   Under Section 215(a)(3) of the FLSA, it is a violation for an employer to discharge or in any

other manner discriminate against any employee because such employee has complained about

a FLSA violation.

84.   After Plaintiff complained to representatives of the Corporate Defendant regarding

Defendants' illegal wage practices, Defendants willfully and intentionally retaliated against

him by refusing to call him in to work, and consequentially terminating his employment.

85.   As a consequence of Defendants' retaliatory actions, Plaintiff has suffered damages in the

form of lost wages and other damages.

86.   Accordingly, Plaintiff seeks relief in the form of lost wages and other damages, plus interest,

as well as reasonable attorneys' fees and costs.

## EIGHT CLAIM FOR RELIEF
### (Retaliation under the NYLL against All Defendants)

87.   Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

88.   Under Section 215 of the NYLL, no employer may "discharge, penalize, or in any other

manner discriminate against any employee because such employee has made a complaint to

his employer."

89.    After Plaintiff complained to representatives of the Corporate Defendant regarding

Defendants' illegal wage practices, Defendants willfully and intentionally retaliated against

him by refusing to call him in to work, and consequentially terminating his employment.

90.    As a consequence of Defendants' retaliatory actions, Plaintiff has suffered damages in the

form of lost wages and other damages.

91.    Accordingly, Plaintiff seeks relief in the form of lost wages and other damages, plus interest,

as well as reasonable attorneys' fees and costs.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and

thereafter Plaintiff demands a trial by jury and judgment against the Defendants as follows:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Liquidated damages pursuant to the FLSA and NYLL;

    c.    Statutory damages of $50.00 per week up to $2,500.00 as provided for

        by NYLL §195.1;

    d.    Pre-judgment interest; and

    E.    Plaintiff's costs and reasonable attorneys' fees;

Together with such other and further relief that the Court deems just.

Dated:  New York, New York
        April 21, 2017

                       ROBERT WISNIEWSKI P.C.

                       By: _____

                       Robert Wisniewski, Esq.
                       Attorneys for Plaintiff
                       225 Broadway, Suite 1020
                       New York, New York  10007
                       (212) 267-2101